# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF WISCONSIN

**LARRY E. MITCHELL,**
      **Plaintiff,**

v.                                     Case No. 05C0023

**RECEIVABLES MANAGEMENT SOLUTIONS, INC.;**
**NCO FINANCIAL SYSTEMS, INC.; and**
**NCO PORTFOLIO MANAGEMENT, INC.,**
      **Defendants.**

## ORDER FOLLOWING SCHEDULING CONFERENCE

On April 19, 2005, the court held a scheduling conference in accordance with Fed. R. Civ. P. 16 and Civil L.R. 16.1 (E.D. Wis.). Attorney Alexander Burke appeared on behalf of the plaintiff and Attorney David Hanus appeared on behalf of the defendant.

**IT IS ORDERED** that:

1. If the parties have not already done so, they shall comply with Fed. R. Civ. P. 26(a)(1) concerning initial disclosures.

2. On or before June 20, 2005, plaintiff shall file his motion for class certification. Response and reply briefs shall be filed in accordance with deadlines set forth in the local rules.

3. a. The parties shall proceed with discovery until the motion for class certification is filed. After the court issues a decision on the motion for class certification, a status conference will be scheduled. At the status conference, the parties will set a schedule for further discovery and dispositive motions.

b. Any discovery motions brought pursuant to Rules 26 through 37 of the Federal Rules of Civil Procedure must comply with Civil L.R. 37.1, by including

> a written statement by the movant that, after personal consultation with the party adverse to the motion and after sincere attempts to resolve their differences, the parties are unable to reach an accord. The statement must also recite the date and time of such conference and the names of all parties participating in it.

c. All discovery motions and non-dispositive pretrial motions **must** be filed pursuant to Civil L.R. 7.4, unless the court otherwise permits. The motion **must not exceed three pages in length**. **No separate memorandum** may be filed with the motion, and any supporting affidavit allowed by Civil L.R. 7.4 **must not exceed two pages**. An opposing memorandum, which **must not exceed three pages in length**, may be filed within five days of service of the motion. The court will notify the parties of the date and time for a hearing on the motion, if the court deems it necessary. This paragraph does not apply to pro se or prisoner cases.

4. The parties shall comply with General L.R. 5.1 and 5.2, which provide that all legal papers (including letters) **shall be filed in the office of the clerk of court** rather than in chambers. In regard to filings made less than 48 hours before a related court hearing, **in addition** to the documents filed with the clerk of court, the parties shall deliver an extra courtesy copy directly to chambers.

The foregoing schedule shall not be modified except upon a showing of good cause and by leave of the court. The pendency of motions or settlement discussions shall not justify modification of the schedule, nor delay the taking of discovery.

**SO ORDERED** at Milwaukee, Wisconsin, this 19th day of April, 2005.

        s/ Lynn Adelman
        LYNN ADELMAN
        District Judge